JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| JOSE ROBLES, as an individual and on behalf of other similarly situated employees,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROLLER BEARING COMPANY OF AMERICA, INC., a Delaware Corporation<br><br>　　　　　Defendant. | Case No.: SACV 21-00925-CJC(ADSx)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 9] |

I.  INTRODUCTION AND BACKGROUND

Plaintiff Jose Robles brings this class action against Defendant Roller Bearing Company of America, alleging that Defendant failed to provide him and other similarly situated employees with meal breaks, rest periods, wage statements, and reimbursements

for necessary expenses in violation of California law. (Dkt. 1-1 [hereinafter "Compl."].) Plaintiff is a resident of California. (*Id*. ¶ 11.) Defendant is a Delaware Corporation with its principal place of business in Oxford, Connecticut. (*Id*. ¶ 12.) Plaintiff's complaint does not provide any specific damages figures. (*See id*.)

Plaintiff originally filed the action in Orange County Superior Court on April 13, 2021. (Compl.) Defendant removed the action to this Court on May 20, 2021. (Dkt. 1 [hereinafter "NOR"].) Defendant's removal was based on traditional diversity jurisdiction under 28 U.S.C. § 1332(a) and, in the alternative, jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). On June 21, 2021, Plaintiff moved the Court to remand the action back to state court. (Dkt. 9 [hereinafter "Mot."].) Afterwards, the parties stipulated to conduct jurisdictional discovery regarding the amount in controversy in this action. (Dkt. 12, 15.)

It appears that the parties have completed their jurisdictional discovery and are ready for the Court to rule on Plaintiff's motion.[1] For the following reasons, Plaintiffs' motion to remand is **GRANTED** and the action is **REMANDED** to Orange County Superior Court.[2]

\\
\\

---

[1] Defendant states that Plaintiff did not respond to certain discovery requests to Defendant's satisfaction. (Dkt. 17 [hereinafter "Opp."] at 3.) In Plaintiff's responses to Defendant's discovery requests, he explained that his failure to respond is due to Defendant's failure to produce documents upon which Plaintiff's answers would be based. (*See* Dkt. 17-2.) At any rate, Defendant does not specifically argue that Plaintiff's purportedly inadequate responses hurt its ability to effectively oppose Plaintiff's motion.

[2] Having read and considered the papers presented by the parties, the Court finds these matters appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for September 27, 2021, at 1:30 p.m. is hereby vacated and off calendar.

## II. LEGAL STANDARD

An action is removable to a federal court only if it might have been brought there originally. 28 U.S.C. § 1441(a). A district court has diversity jurisdiction over any civil action when all of the parties are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is a strong presumption against removal in cases removed pursuant to section 1332(a). *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Alternatively, under CAFA, a district court has diversity jurisdiction over any class action involving at least 100 class members in which there is minimal diversity—that is, any one plaintiff is a citizen of a different state than any one defendant—and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2) & (5). There is no anti-removal presumption in cases removed pursuant to CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The proponent of removal has the burden of establishing that an action is removable, whether jurisdiction is alleged under section 1332(a) or section 1332(d). *See Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

## III. DISCUSSION

### A. CAFA Jurisdiction

The parties dispute whether the amount in controversy exceeds $5,000,000 in this action.[3] The Ninth Circuit has explained that a motion to remand following a removal pursuant to CAFA may be either "facial" or "factual." *Salter v. Qual. Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). "A 'facial' attack accepts the truth of the plaintiff's

---

[3] The parties do not dispute that section 1332(d)'s minimal diversity and class size requirements are met here.

allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Id*. (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In reviewing a facial attack on jurisdiction, the court accepts the allegations as true, draws all reasonable inferences in the defendant's favor, and determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. *Id*.; *see also Kendall v. Nestle Waters N. Am., Inc.*, 2021 WL 364639, at *2 (C.D. Cal. Feb. 1, 2021) ("Where, as here, the amount in controversy is contested, and the plaintiff does not plead a specific amount in controversy, the defendant's evidentiary burden in opposing a motion to remand depends on whether plaintiff has mounted a facial or factual attack on defendant's jurisdictional allegations."). However, even under this more lenient standard, the Court must probe the reasonableness of the assumptions made in the removing party's notice of removal. *See Lopez v. Adidas Am., Inc.*, 2021 WL 927265 (C.D. Cal. Mar. 11, 2021); *Brown v. Janus of Santa Cruz*, 2021 WL 3413349 (N.D. Cal. Aug. 5, 2021).

The Court finds Defendant's notice of removal facially deficient. Defendant fails to provide the Court with any calculation as to the amount in controversy and fails to identify what assumptions it is making so that the Court might evaluate their reasonableness. Instead, Defendant merely summarizes Plaintiff's complaint, which itself makes only broad and uncertain damages allegations. Defendant explains that Plaintiff seeks one hour of pay at each employee's regular rate of compensation for each workday that a meal period is not provided. (NOR ¶ 14.b.i.). Defendant does not attempt to approximate the "regular rate of compensation" or the number of workdays involved.[4] Defendant next seems to imply that damages for Defendant's failure to provide accurate pay statements will exceed $25,000 for each class member. (*Id*. ¶ 14.b.iii.) But Defendant's own opposition brief rebuts this assertion, arguing that there exists a $4,000 damages cap for this violation. (Opp. at 7.) Defendant points out that Plaintiff seeks

---

[4] This same issue applies to Defendant's allegation in NOR ¶ 14.b.ii.

damages for unreimbursed business expenses but fails to approximate what those might be or provide the Court any basis to perform its own approximation.[5] (NOR ¶ 14.b.iv.) Defendant also points out that Plaintiff seeks penalties under California's Private Attorney General Act, stating that such damages are $100 for each aggrieved employee per pay period for the initial violation and $200 per pay period for each subsequent violation. (*Id.* ¶ 14.b.vi.) But Defendant fails to provide the Court with an estimation of the number of pay periods involved in this action or the approximate number of violations involved per pay period so that the Court can calculate what these various $100 and $200 violations might add up to. Finally, Defendant argues that courts routinely add attorneys' fees to an amount in controversy calculation in an amount equal to 25% of the potential damages. (*Id.* ¶ 17.) But for all the reasons explained above, the Court has no reasonable way of calculating what the potential damages might be.

In short, Defendant simply parrots the damages allegations in Plaintiff's complaint—which itself is vague on the amount of damages sought—and fails to provide the Court any additional basis for arriving at a damages calculation. Indeed, Defendant's own damages calculation for Plaintiff suggests that class-wide damages would fall short of $5,000,000. Excluding attorneys' fees for reasons explained below, Defendant approximates that Plaintiff incurred $27,740 in damages. Multiplying that figure by 100 class members,[6] the Court arrives at class-wide damages of $2,774,000. Even under Defendant's light burden to overcome a facial attack, its underdeveloped allegations fail to make a sufficient showing that the amount in controversy in this action exceeds $5,000,000.

---

[5] This same issue applies to Defendant's allegation in Dkt. 1-1 ¶ 14.b.v.
[6] In its notice of removal, Defendant asserts that the class is "likely well over 100 members." (Dkt. 1-1 ¶ 14.a.) But Defendant does not provide the court with an estimation of the class size or any indication of what it means by "well over 100 members."

B.     Jurisdiction Under Section 1332(a)

Defendant has also failed to adequately show that the amount in controversy will exceed $75,000 with respect to Plaintiff specifically. When viewed through the lens of traditional diversity jurisdiction analysis under section 1332(a), a class action, when filed, includes only the claims of the named plaintiff. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 940 (9th Cir.2001). The claims of all plaintiffs, or the theoretical class-wide damages of all defendants, cannot be aggregated in determining the amount in controversy under section 1332(a). *See Bates v. Gen. Nutrition Centers, Inc.*, 897 F. Supp. 2d 1000, 1003 (C.D. Cal. 2012). In other words, to defeat Plaintiff's motion to remand, Defendant has to show that Plaintiff is citizen of a different state than Defendant and individually claims more than $75,000. *See Gibson*, 261 F.3d at 941.

Defendant asserts, and Plaintiff does not contest, that the complete diversity requirement is met here. (Opp. at 5.) Plaintiff is a citizen of California, (Compl. ¶ 11), and Defendant is a citizen of Delaware and Connecticut, (Compl. ¶ 12.) Defendant further asserts that the amount in controversy requirement is met, relying primarily on the amount of attorneys' fees Plaintiff is likely to collect if successful in this action.[7] (Opp. at 8-9.) "[W]here an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). However, any potential attorneys' fees award is not automatically attributed solely to the named plaintiff for purposes of calculating the amount in controversy. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001); *Gibson v. Chrysler Corp.*, 281 F.3d 927 (9th Cir. 2001); *Canela v. Costco Wholesale Corporation*, 971 F.3d 845, 850, n.2 (9th Cir. 2020). Rather, whether an

---

[7] Defendant also asserts that Plaintiff has put in controversy $22,890 for unpaid meal and rest period premiums, $4,000 for inaccurate wage statements, and $850 for reimbursement of necessary expenses. (Opp. at 10.)

award of attorneys' fees should be attributed solely to the named plaintiff or spread across the class for the purposes of calculating the amount in controversy is a matter of interpreting the statute authorizing attorneys' fees and its surrounding case law. *See Canela*, 971 F.3d at 850, n.2. Defendant does not address this anti-aggregation rule in its opposition.

Here, there are several statutes pursuant to which Plaintiff makes a claim for attorneys' fees. The statutes include: Cal. Civ. Proc. Code § 1021.5, Cal. Lab. Code §§ 226, 1194, 2698, and 2802, and Cal. Bus. & Prof. Code § 17200[8]. None of these provisions support attributing attorneys' fees to Plaintiff alone. *Gibson* dealt specifically with Cal. Civ. Proc. Code § 1021.5 and held that that provision requires any attorneys' fees awarded to be divided among all members of a class when calculating the amount in controversy. 261 F.3d at 943. *Canela* dealt specifically with Cal. Lab. Code § 2698 and held the same. 971 F.3d at 850, n.2.

The Court could find no Ninth Circuit case dealing with Cal. Lab. Code §§ 226 and 1194. But other courts in this circuit have held that attorneys' fees under these statutes cannot be attributed solely to the named plaintiff in a class action. *See Davenport v. Wendy's Co.*, 2013 U.S. Dist. LEXIS 180437 at *5–6 (E.D.Cal. Dec. 24, 2013) (holding that under Cal. Lab. Code §§ 226(e) and 1194(a), the "estimate of potential attorneys' fees must be divided by the number of class members" when calculating the amount in controversy); *Perez v. WinnCompanies, Inc.*, 2014 WL 5823064, at *10 (E.D. Cal. Nov. 10, 2014) (same); *Buchanan v. Aramark Campus, LLC*, 2019 WL 3302164, at *6 (N.D. Cal. July 23, 2019) (same). The Court adopts the approach taken by other federal courts. The language in both provisions does not support an argument that attorneys' fees are

---

[8] Cal. Bus. Prof. Code § 17200 is silent on attorneys' fees. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999) (noting that § 17200 does not provide for the recovery of attorneys' fees). With no statutory language to speak of, Defendant cannot argue that that section 17200 supports attributing attorneys' fees solely to Plaintiff.

meant to go only to the representative plaintiff. Under Cal. Lab. Code § 226(e), "[a]n employee suffering injury" is entitled to an award of attorneys' fees. This language does not limit recovery solely to Plaintiff, as he is not the only employee who suffered an injury. Cal. Lab Code § 1194 provides recovery for "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee." Again, this provision contains no limiting language that would suggest recovery is confined to Plaintiff.

Section 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or loss incurred by the employee in direct consequence of the discharge of his or her duties." Section 2802(c) further states "the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section." Defendant might argue that Plaintiff is the employee doing the enforcement here. However, there is nothing in section 2802 or its surrounding provisions that would suggest that the California Legislature intended "employee enforcing the rights" to refer to a class representative. *See In re Abbott Laboratories*, 51 F.3d 524, 529 (5th Cir.1995) (attributing attorneys' fees solely to named plaintiff where Louisiana statute specifically granted attorneys' fees to the "representative parties" in a class action). Section 2802(c) should also be read in conjunction with section 2802(a), as the former's purpose is to define a term in the latter. Section 2802(a) contains no language that would limit reimbursement to a representative plaintiff only. Rather, section 2802(a) invites *any* employee to seek reimbursement for costs incurred on the job. It is also relevant that California courts have granted reimbursement for business expenses to all class members in class actions brought under section 2802. *See, e.g., Estrada v. FedEx Ground Package Sys., Inc.*, 154 Cal. App. 4th 1, 25 (2007). The Ninth Circuit found this point relevant in *Canela*, pointing out that judgments under California's Private Attorney General Act inhere to the benefit of any aggrieved employee, such that attorneys' fees under PAGA

should not be attributable to only the named plaintiff. 971 F.3d at 850, n.2; *see also Gibson*, 261 F.3d at 942 ("California courts have stated that § 1021.5 awards are a bounty for plaintiffs who successfully litigate in the public interest, but they have not held that this bounty goes only to named plaintiffs in a class action.") (internal quotations and citation omitted). Further, the court in *Collins v. ServiceLink Field Services, LLC*, 2019 WL 1536347 (S.D. Cal. Apr. 09, 2019) decided not to attribute attorneys' fees solely to the named plaintiff in a case involving a claim for attorneys' fees under section 2802, among other provisions, though the court declined to provide an analysis of section 2802's text or surrounding case law. The Court holds that section 2802 does not support attributing attorneys' fees solely to Plaintiff for the purposes of calculating the amount in controversy. *See Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1049 (N.D. Cal. 2014) ("[I]t would seriously undermine the [anti-aggregation] rule to allow attorney's fees to be allocated solely to a named plaintiff in determining the amount in controversy.").

Thus, Defendant's calculation of $75,000 in attorneys' fees must be spread among the class. Defendant asserts that this class is comprised of well over 100 members. (Dkt. 1-1 ¶ 14.) As such, the most that Plaintiff's pro rata share of the attorneys' fees can be using Defendant's attorneys' fees calculation is $750. Using this figure, the amount in controversy attributable to Plaintiff is $28,440 ($750 added to Defendant's other calculated amounts of $22,890, $4,000, and $850). This is far below the $75,000 threshold.

\\
\\
\\
\\

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is **GRANTED**. The Court **ORDERS** the action **REMANDED** to Orange County Superior Court.

DATED: September 20, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE